IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY BUSH, #303045                       \*
               Plaintiff
    v.                                        \* CIVIL ACTION NO. AMD-05-2858

CASE MNGT. SUP. MR. WOLFE       \*
LT. SECHUM
OFFICER FAUST,                     \*
               Defendants
                                                \*\*\*

## MEMORANDUM

This civil rights action was received on October 19, 2005. Plaintiff alleges that: (1) on September 8, 2005, defendant Wolfe removed him from Western Correctional Institution's ("WCI") general population and placed him on administrative segregation after another WCI inmate identified Bush as an enemy; (2) a September 14, 2005, segregation review board recommended his transfer to any medium security institution other than WCI; and (3) inmate "Fuller, " who was placed in his cell on October 14, 2005, continues to threaten his life and has hit and beaten him. Paper No. 1. Plaintiff claims that defendants have refused to protect him and requests injunctive relief (cessation of Fuller's actions and protective custody status), as well as compensatory and punitive damages.

On November 10, 2005, defendants filed a response. Paper No. 3. They indicate that plaintiff was indeed placed on administrative segregation on September 14, 2005, because a documented enemy, James Alexander, was also housed at WCI.[1] Defendants maintain that plaintiff's current cell mate is Patrick Myers and that they have been housed together without incident since October 19, 2005. Defendants state that Myers is not on plaintiff's enemies list.

---

[1] Defendants indicate that plaintiff threw a drink in Alexander's face on May 12, 2005, and was subsequently found administratively guilty of assaulting Alexander on May 18, 2005. He was sanctioned with 300 days segregation.

With regard to plaintiff's allegation regarding inmate "Fuller," defendants affirm through the declaration of WCI Case Management Specialist Jeffrey Nines that WCI houses two inmate with the name of Fuller and that neither inmate is on plaintiff's enemy alert screen or have been housed in plaintiff's housing unit since plaintiff's administrative segregation began on September 14, 2005.

In his reply, plaintiff asserts that defendants have lied to the court. Paper No. 6. He affirms by affidavit that inmate Anthony Fuller was housed with him at WCI, Housing Unit 4, C-Tier, Cell 12 from October 14, 2005, to October 19, 2005, during which time Fuller beat and assaulted him without intervention from defendants. He now asserts that on October 17, 2005, he met with defendant Sechum to discuss plaintiff's letter related to Fuller's attacks. Plaintiff claims that on October 18, 2005, Fuller met with defendants regarding the same letter and was transferred to another prison on October 19, 2005.[2]

Defendants' response, construed as a motion for summary judgment, shall be denied. In reviewing the subject complaint, all reasonable inferences are to be accorded to plaintiff. Plaintiff's reply affidavit plainly creates disputed factual issues as to: whether he was housed with Anthony Fuller from October 14 to October 19, 2005; whether some or all of defendants were placed on notice of his problems with Fuller; and what information was communicated to the officers. The parties shall be granted additional time to file further dispositive filings accompanied by personal declarations, housing logs, classification records, and other relevant information.

A separate Order follows.

Date: February 2, 2006                    __/s/_____
                                          Andre M. Davis
                                          United States District Judge

---

[2] Plaintiff also claims that on November 12, 2005, he was moved back to administrative segregation C-Wing and inmate James Jackson was moved into the cell with him. He alleges that he is being subjected to threats and abuse from Jackson.